Case number 23-1029 et al. CP Anchorage Hotel 2, LLC, doing business as Hilton Anchorage Petitioner v. National Labor Relations Board. Mr. Baskin for the petitioner, Ms. Isbell for the respondent. Good morning. I'm Mr. Baskin on behalf of CP Anchorage Hotel, Hilton Anchorage as we'll call it the hotel while we're talking today. In this case the board found that the even though the decision to renovate hotel rooms was conceded by everyone not to be a bargainable decision and even though if treated as a effects case the union never requested bargaining despite being put on notice about the board's found quite the contrary. Remember the substantial evidence review and the board recited the facts to support its conclusion that the union had requested bargaining. Case written by Judge Sentel in the past makes it clear that's not a heavy burden with respect to this kind of a fact. The findings clearly on the record. Finding but not supported by substantial evidence, your honor, and that's the issue. If I think that the board's majority's recitation of the facts from the record are enough to support substantial evidence that's the end of this right? If you find on that one issue because we've got four or five. I'm starting where you started. I started with the uh there's no distinction between decision and effects part that the starting point is there was no decision that required bargaining. Not questioning that. Okay well the board wrote an opinion that clearly accommodates the rules uh covering effects bargain and they said and they made it clear take this only as effects bargaining the employer was deficient because the union didn't receive timely notice of the reservations and the union clearly did request bargaining and was rebuffed. But the board actually posed that as if even if we did view it as the dissent viewed it as effects bargaining and in fact they said there is no difference their fundamental premise was that there's no difference between decision bargaining and effects bargaining. In this case it's fairly easy to see why they said that they were essentially talking about a situation where no one not the board majority or anyone else is suggesting there was an obligation to bargain over the decision. No one is making that suggestion and so the board is essentially looking at a case about what is the obligation with respect to on the employer when you've made a determination to go ahead and do this what do you have to do and the law is as the board recited it and it's fully supported once you know you're going to make that decision you have to give an indication to the union so that they have an opportunity to engage in at least effects bargaining. Not when you make the decision and that's the distinction between the decision bargaining and effects bargaining. If it's a bargaining over a decision you have to talk to the union before you make the decision and the board so when the board said and I quote that the duty the violation and the remedy are the same that represents indicates a fundamental misunderstanding that I know Judge Hedwards that you are well aware of the distinctions that you know led to first national means they should tell it to the supreme court if that is what their view of the law is and it undercuts their entire analysis. I think yeah I think you'd like to get there but I just don't see it in this record. I don't think the board's elite least bit confused over the reality that this is not a fight over the union has a right to bargain over decision before it's made. That's not in fact the board recited saying once I can't find the exact words now once the employer knows that it's going to pursue this they have an obligation to give the union some reasonable notice of the decision that's going to be made so the bargaining can pursue not over whether the decision should be made but over the effects the board understood exactly what this case is the majority anyway. We would have to disagree on what the board understood because we believe that it fundamentally undercut their entire decision. If nobody is saying that the employer has to bargain over the renovations what is the difference between framing this as a decision case where they're bargaining over the post-renovation decision about how the wage the wages should be structured in light of the new walk-in showers on the one hand or an effects case in which they're bargaining over all of the effects of the restructuring which is going to be it's harder to clean the showers seems like you're either way you're bargaining over the same set of issues. Well the big difference is that the employer in this case had no expectation that there was any if that there were any effects and having put the union on notice repeatedly starting in March of the year before it happened they were not notified that there were any effects to discuss whereas in a decisional bargaining situation the employer has an obligation to determine what impact there is once the decision is made and before implementation the employer notified the union that this was coming and this is happening in there they give them the total specifications of the showers and all the rest and the you know the number of rooms the I'm sorry no but wouldn't wouldn't the employer have a duty in either framing to go to the union to talk about wages right if it's a decision case you can't unilaterally change the terms of the collected bargaining agreement if it's an effects case you have to give notice of the effects yes but when it's practically very similar well but with fundamental differences at the courts uh it going back to first national maintenance and transmarine it affects the discussion that is required the elements of the decision versus uh simply the effects I mean that's what first national maintenance was all about if it was just the same thing there were layoffs that occurred in first national maintenance that's the lead case on it and if the board's attitude is true then they would have been required to uh bargain about the decision to lay off that is not what it was about that it's absolutely not what the board majority said in this case the board majority is so clear it's really beyond dispute the board majority is absolutely clear that we understand the only fight here is whether the union got adequate notice of what the employer was going to do within its rights so that it could discuss the effects of that and the board found that they did not receive timely notice they will put off and put off and put off until you got to the fall and then finally the employer said something they didn't know the number they didn't know precisely what was going to be done they didn't know that there might be effect on the quota word quota none of that was revealed to the union the union kept asking that's what the board majority said they asked and asked and asked they were above finally they said they ultimately said we want to bargain when that's so totally consistent with the established law no it's just it's just not well it's not what the record reflects it's and that's your argument is well just saying no no you're not doubting what i'm saying about the law right so the only question is whether the board was following that line of law right except that for this where in your announces the board decided and in difference from the uh administrative law judge you didn't talk about it uh the board decided that the employer must have made a decision to uh increase the workload of people that is not what the what the employer did the employer decided to renovate completely within its rights to do that with no discussion they the employer did not think there were any impacts and so the employer made no decision to uh increase people's workloads or to affect the bonuses which by the way the uh administrative law judge found well there was no correlation in the end there really was no impact and and so we have the lack of materiality and the lack of significant change and the lack of knowledge or expectation by the employer if any of this was going to happen and the union sandbagged it that's all they knew that it was coming they never asked for bargaining they just kept asking for information i don't know they don't have that right i'm smiling because i just don't know what records you're reading well that's not what the board said you don't like what the board said well i was going to the judge they're entitled to review on a substantial evidence standard and in my view i'm only speaking for myself this is so within substantial evidence it's just not terribly interesting the board clearly made the findings that the law required you don't like those findings but they clearly made the findings and when you read judge centel's opinion i can't remember precisely which one it was this clearly was enough clearly was enough for the board to survive review here appreciate your candor on the subject but uh you know you're entitled to have an argument before i would just submit on you yes that's the way i read the record right but the substantial evidence test requires there to be record to support these findings that the board made and if i find them you lose and on that issue yes if you find substantial evidence in the record but if you're looking in the right places you won't see it you will see a characterization by the board of the record and and saying that the employer didn't give them enough uh information but what is if the union is concerned about extra workload in a shower then the first time they hear there's a wild shower coming they know that there's an issue and they ask should ask for discussion all right if they don't know it then they don't when they get that's in march by the way when they know that it's coming but then they get the specifications exact details pictures color pictures of all the room there's a sign in the lobby uh that you know this wing is going to be closed we're going to put showers in uh and how can they possibly contend uh that the union was not on sufficient notice to actually request bargaining about these so-called effects not even to let the employer know that they think there are these so-called effects until finally in november they mention and even then don't ask for bargaining and by the way when you talk about the record and and did they request bargaining i assume you read page 85 to 91 of the joint appendix five full pages in which the company's lawyer asked the union vice president did you ask for bargaining at at in march did you ask subsequently and he candidly said no we did not do it and and it wasn't a trick question go ahead you're arguing sufficiency as to notice of the effect right correct but also also their failure to request the bargain two separate issues were treated this as a decision case so and you contest that um i think you just assume you have a forfeiture problem with that so we're thinking of this assume we think of this as a decision bargaining case does any of that matter if this is a decision bargaining case um they make the decision that the wages will stay the same even in light of the restructuring and they regardless of any notice issue they have an obligation to bargain over that before they implement that no you know change the wage structure or same wage structure in light of the change reconfigured rooms well but it's a non-change here you can't say that they have an obligation or duty to bargain about not making a change and that seems to be what the union and the board to some extent is saying it's it's a what a non-sequitur or it's just uh not the right way it's the flip side so if we if we think of it as a decision case your argument is there's no evidence of this second decision as to wages there's no evidence that there was a decision at all as to making any change in the wages or their work uh load which the testimony from the employers consistent throughout that they felt it would be lesser of a load no more bathtubs to clean uh and the the glass and the shower curtains are equal uh and other aspects of it but if we as judge this is suggesting if we view the case as bizarre as it might be as a decisional bargaining case a decision to increase duties aren't the only two questions did you give notice before that decision was made and two was it a material change right you would also have to include that the employer have an expectation that it's that's what it was doing you know that it was in creating that's subsumed in the question of whether the change was material and there certainly you have a substantial evidence challenge to these housekeepers testimony but they've testified and the board found that it was a material change in their duties in terms of how much work to get done in a day so i think a version of the question is if we find the effects bargaining framework forfeited you're not making a notice argument under the decisional bargaining framework are you you're just challenging the evidence of materiality well we're challenging the concept the notion that this was a challengeable decision a bargainable decision and that's where this being subsumed in the materiality question but we would submit it is subsumed in the decisional question what is the decision they're making they can't be able to have made a decision if they had no understanding that it was an event that there was any impact so they can't be said to have have made the decision without an expectation that it was going to have going to increase job duties and or reduce pay which again continue to submit it the evidence does not show that it did either of those things i'm i think i've run into my rebuttal time but i'm happy to continue or come back we'll give you time if you need anything else uh no okay thank you thank you you're from the board good morning may i please the court kelly is bell here on behalf of the national labor relations my colleague has framed this as an effects bargaining case but that issue was not presented to the board below it would be anything other than an effects bargaining case well the board found that it was a decisional bargaining case right so on the complaint there's an antecedent decision to renovate the hotel rooms everyone agrees that's you don't have to bargain over that yes and the salaries the 17 rooms in eight hours rule that's just in the collective bargaining agreement that is what it is um there's no separate decision to change that the point is the decision to re-figure the rooms has an effect on the maids jobs going forward i don't think on this record that there is any real question that the amount of work required of those employees increased substantially when the new showers went in the quota stayed the same the quota cannot be not exactly your honor it's in it's in eight hours i thought it was it's in a left it's in a last best and final um contract that was implemented after impact last best and final it's not allowed to there's no yes there's no allegation that the implementation is passed they can implement correct so it's not exactly a um a closely bargained contract anymore it's a unilateral imposition right but that's still the rule that they're operating on that's still the rule they're operating under with the bathtubs right so the quota was imposed at a time when all of the rooms had bathtubs and it took a certain amount of time to clean these rooms you could finish you could do your 17 rooms and you might be able to do a couple more and get this bonus once the glass showers went in that workload increased and the quota was no longer exactly tied to the amount of work would you be making the same argument if 17 rooms eight hours was just a clear bright line rule that had been stated in a collective bargain agreement on these facts i don't think so your honor because the amount of work increased so you an employer has to bargain collective bargaining agreement or no as long as there's a union they have to bargain over any kind of increase in work duties additional work duties changes in work duties they have to bargain over decisions that affect terms and conditions or they have to bargain over effects of business decisions yes your honor it's just it seems much more like the latter uh so now we're talking in terms of the theory that we use right yeah uh i'm not sure why it matters but it just the very artificial feel to me if we are forced to think of an effects case as a decision case your argument but you know what i keep coming back to in my mind is you know this is a supreme court case once that said you can't bind a court to apply a yield i mean we're we're just thinking we think we have to think about this case in a very artificial way and i'm trying to why does this matter to you in this particular to me we're talking about something of no particular consequence when you're thinking about the obligation to bargain in this particular case it does not matter as the board explained the duty the violation everyone's conceding there's no duty to borrow the decision to renovate so that's off the table it's off the table so there are other things that we're talking about the photo work and you know pay for the work you're doing and the consequences of the decision that the employer could make all of which are normally within the realm of bargaining at least as i understood it that's no big deal they're within the realm however you characterize it i was actually kind of amused i guess i had forgotten i didn't even know we were fondling the effects bargaining of course because that in some cases has a big consequence i don't know why this matters here it doesn't matter in this particular case there are cases where it matters um let me ask you i i largely agree with that except maybe for the threat point okay if you think that there was this second decision to keep the same quota notwithstanding the increased work then when they go to the employees and say this is the rule you darn well better follow it that's a threat if it's if they're just if it's an effects case um that's just the pre-established rule over wages and they're they're allowed to um make the employees stick to a rule that hasn't changed while they're bargaining i um help me out if i misunderstand um but i disagree okay even if it's even though i don't understand even if it's an effects case right they have to bargain about the increased workload and the quota they called these i was going to say women i i these employees into a room sit them down make them sign this document under the threat of discipline you must meet this quota or we're going to discipline you up to and including firing they had never done that before so no matter how long that quota had been in effect they have never called these employees into a room and made them sign a document threatening them with discharge if they don't meet the quota this uh threat came after the employees had told the employer this is hard it takes longer and it hurts no but the conduct what's important here in answer to my colleague is that they did this without ever discussing with the union the consequences that were going to flow from the decision that is the workload is going to change and so what's in the collective bargaining agreement may look facially applicable but it's not there was a perfectly reasonable uh request the union could make to discuss that because even though the contract written to deal with a different circumstance is there the union's claim is it's not the same circumstance and under established law we have an obligation you have an obligation to discuss this with us whether you call it effects or decisions you have to discuss it to a point of impacts right yes short answer that's my recollection of the law you have an obligation to discuss the impasse you may lose it but you have obligation to discuss yes okay but what happens in the interim while they're discussing this and the housekeepers are cleaning the rooms you mean how are they paid under what terms are they paid at that well the literally in this case um i don't i mean i would have to think about that if if they were if they were bargaining and then it might work itself out right i mean the issue is some of the some of the housekeepers asked not in terms of the money the issue some of the housekeepers asked not to have to do the showers because it was too hard and they those requests were granted so other housekeepers had to do the showers and the amount of money they would make would decrease while the amount of money the ladies who got out of the obligation they could get the so without looking at a which rooms when i don't know that i can answer my colleagues asking what would happen what would happen is happens what happens all the time the employer would say this is my position and then the consequences will be depending on whether you go to arbitration go to grievance and arbitration and fight it out and say they don't have support for what they're now requiring or you come to the board and say they fail to discuss this with us to an impasse over this that's what would have happened they the employer would keep going on the employers and not and threatening as well and that's your position is you can't threaten you got to go through the effects at least affects bargaining first before you start threatening anyone but we're paying you under what we think the contract says and then if the union wants to file a grievance they can or they can come to the board what we said council isn't under effects bargaining isn't obligation to bargain before the effect takes effect you have to give pre-implementation notice an opportunity to bargain yes so if the effects are already in place if the housekeepers are have already for months been cleaning these rooms isn't that there's still room well not for this they had initiated the bargaining is your point and maybe they just hadn't reached a new agreement yet it would it could be okay well for in terms of the housekeepers work it's never too late i mean they're still doing this hard work under a higher quota with the effects on the amount of money they can earn and on injuries remember one lady was um hurt her shoulders by doing this work so it's never too late so i think i maybe didn't quite understand even even though the decision has been made or the effects have gone into effect right they can bargain now i mean what even after the union was asking for its information and um requesting information about training there was no training provided that could happen still the uh tools they were given to clean the ladies didn't like those tools so there's bargaining that happened about the kind of materials they're using to clean the showers all of that could happen your honor all right so i have a different question about the effects first decisional i agree with everything that's been suggested that it's more natural to regard this as effects bargaining and that the it doesn't make a difference to the outcome but one thing it makes a difference to isn't it is what we're allowed to do as a court right because we have these cases saying that 10e is a jurisdictional bar so don't we to have an opinion that affirms and enforces on an effects bargaining theory don't we have to resolve the question of whether the company adequately observed this in front of the board in other words we have to resolve your forfeiture argument don't we to reach an effects bargaining decision i yes so at least that question is important uh in terms of the difference of these two analyses and i guess i think judge mattis's question was suggesting that this is a sort of a more fundamental legal error than we typically find forfeited do you agree with that well i disagree however it might um be easiest to conceive of the legal theories in this case it was presented to the board as a decision that's how the gc the general counsel pled the complaint that's how the parties argued it below there is no indication in the hotel's exceptions or its brief and supportive exceptions indicating that it believed this was an effects bargaining case and as i read their exceptions brief they're arguing that it's a decisional case it's how everyone understood it in this particular case it didn't really matter how the board decided the case because they have to bargain about the effect on the employees that increased workload in the quota the remedy was the particular case i may be misrecalling something but i thought something in the company's papers uh from alj to the board clearly was suggesting that the issue really should be viewed as a matter of effects and that was that explained why the board covered the whole framework when it the board majority covered the whole framework when it decided the case the company clearly in my view i don't think there's any forfeiture of anything here wasn't entirely clear what the alj was saying but i thought the company then said no they viewed the case slightly differently and the board in its decision dealt with both call it what you will there's a failure of bargaining is what the board said the only thing i see in their papers below that suggests sex bargaining is in the post hearing brief to the administrative law judge in their exceptions brief to the board their argument is that the general counsel had to prove that holding the employees the same quota when cleaning the new rooms was a material change in terms and conditions of employment they don't use the word effects bargaining in their exceptions brief only in the brief to the alj you have to raise it in your brief in your exceptions your exceptions brief your reply and support it almost a substance and they're arguing it in effect so to speak i don't know how it can be missed the thrust of their argument includes claims about effects bargaining but you all have suddenly you're landing on magical words and i've never even seen these in play much in all my years they just accept perfect spark which is a clear category uh but these categorical distinctions here and suggesting they're meaningful i just don't get it in terms of when things are raised yeah i mean the board the employer clearly was suggesting the focus ought to be about effects along with its other objections to what the alj was suggesting and the board's decision is broad enough to cover both yes to that last point the board viewed what they raised in exceptions is not raising the effects bargaining argument board responded to member ring in his dissent however the board has given you a full-throated analysis of the effects bargaining theory in this case so if you agree it was fully raised and there's no forfeiture then you can affirm the board's decision based on the effects bargaining theory that the board provided i see i'm out of time okay thank you very much thank you brief um at the outset general counsel made an important concession she conceded that this was decided by the board as a decisional bargaining case notwithstanding our earlier dialogue about you know which one was it and notwithstanding whether that makes a difference although we think it does uh and that is an important fact that he did raise below and not only in saying i mean there was a bait and switch that went on the complaint started off saying that you've somehow done something decision but by the time it got they amended the complaint and by the time the case was tried it was all about the effects and the judge's decision kind of dodged the issue and i think that's why the board felt they had to come up with a new rationale which is a mistaken rationale and when that happens the courts have said to overcome any tinny concern you should file a motion for reconsideration which is exactly what we did so we preserved uh the objection to treatment of this case as a decisional bargaining case one important aspect of the distinction between decisional and effects bargaining is the transmarine case dealing with the remedy because the board here ordered a rescission which is totally undoable you can't rescind the renovations we haven't the employer hasn't changed the bonus structure so there's nothing to rescind there other than telling the employees don't clean the showers which is also obviously impracticable going to the forfeiture question is there something in the exceptions to the alj's decision or your brief that you would direct us to to show that you were thinking of it as an effects bargaining case particularly in the reply a brief that's pretty much what it is highlighted focus of it because that is what the um alj was focused on so the reply in front of the alj no no the reply to the board the reply in the exceptions brief to the board is all about discussion of um the effects and the fact that it didn't have the impact and that's really all there to discuss the way the alj left it um so that's that's we would point you there and uh would urge you to read again the testimony of the vice president because uh vice president they did not request bargain thank you thank you very much cases submitted
judges: Katsas, Garcia, Edwards